RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0186P (6th Cir.)
File Name: 03a0186p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

KELLI O'MALLEY,
  *Defendant-Appellant.*

Nos. 00-4365/5416

Appeal from the United States District Courts for the
Eastern District of Kentucky at Lexington and
the Southern District of Ohio at Cincinnati.
Nos. 99-00084; 00-00041—Karl S. Forester, Chief
District Judge, Susan J. Dlott, District Judge.

Submitted: July 12, 2001

Decided and Filed: June 9, 2003

Before: SILER and GILMAN, Circuit Judges; DONALD,
District Judge.*

_____

### COUNSEL

**ON BRIEF:** Kenneth R. Taylor, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

* The Honorable Bernice Bouie Donald, United States District
Judge for the Western District of Tennessee, sitting by designation.

_____

### OPINION

_____

  PER CURIAM. Defendant Kelli O'Malley appeals her
sentences from two separate district courts upon her pleas of
guilty to charges of conspiring to steal firearms from federally
licensed firearms dealers, in violation of 18 U.S.C. § 371, and
the substantive charge of theft of firearms from a licensed
firearms dealer, in violation of 18 U.S.C. § 922(u), in the
Eastern District of Kentucky; and the charge of receipt of
stolen firearms shipped in interstate commerce, in violation of
18 U.S.C. §§ 922(j) and 924(a)(2), in the Southern District of
Ohio. She was sentenced to a term of thirty-seven months in
the Eastern District of Kentucky. The court enhanced her
base offense level under USSG §2K2.1(a)(5) on the erroneous
conclusion that one of the firearms taken in the burglary was
an illegal semi-automatic Norinco assault weapon. After
being sentenced in Kentucky, she was thereafter sentenced in
the Southern District of Ohio to thirty months concurrent with
the previous sentence from the Eastern District of Kentucky.
Because of excusable errors made in the enhancement of the
sentences, we vacate her sentences from both courts and
remand the cases to the respective district courts for
resentencing.

  O'Malley was involved in a conspiracy with others to steal
firearms from gun dealers and transport the firearms in
interstate commerce. At the time of the sentencings in both
district courts, the courts had been informed by the probation
offices and the prosecution that one of the weapons taken in
a burglary in Kentucky was an illegal semi-automatic Norinco
assault weapon prohibited under 18 U.S.C. § 921(a)(30)(A).
That weapon was the basis for O'Malley's sentencing
enhancement, as the district courts found that the theft and
possession of such an illegal firearm was foreseeable by the
members of the conspiracy. On appeal, the attorneys on both
sides continued to believe that the firearm in question was
illegal. Thus, the issue became whether the theft of that
firearm from a licensed dealer was foreseeable to O'Malley.

If it was foreseeable, then the enhancement applied; if not, the enhancement did not apply.

The United States has now conceded that it was in error in this case, and the defense accepts that concession. All, including the district courts and this court originally, acted under the misapprehension that the firearm in question was illegal. Instead, the parties now concede that the weapon in question is a Norinco Kalashnikav, a weapon which is not illegal per se, but is legal to buy, so long as it was manufactured or imported before the ban against such weapons. *See* 18 U.S.C. § 922(v)(2); *National Rifle Ass'n v. Magaw*, 132 F.3d 272 (277)(6th Cir. 1997) (grandfather provision permits possession of semi-automatic weapons lawfully possessed on date of enactment of Crime Control Act). Thus, any reference in our prior opinion, declaring that it is unlawful for a person to transfer or possess a semi-automatic assault weapon, is vacated, to the extent it is inconsistent with this opinion.

Therefore, the sentences in both cases are vacated, and these cases are remanded to the respective district courts for resentencing consistent with this opinion.